**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JESSICA C. WARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:13-CV-262 (MTT)** |
| ) | |
| **CAROLYN W. COLVIN,** *Commissioner* ) | |
| *of Social Security Administration,* ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This matter is before the Court on the Recommendation of United States
Magistrate Judge Charles H. Weigle.  (Doc. 19).  The Magistrate Judge, having
reviewed the case pursuant to 28 U.S.C. § 636 and 42 U.S.C. § 405(g), recommends
affirming the decision of the Commissioner because neither of the Plaintiff's asserted
grounds for relief warrant reversal.  Specifically, the Magistrate Judge recommends
affirming the Commissioner's decision because the ALJ committed harmless error in the
evaluation of the Plaintiff's Global Assessment of Functioning ("GAF") scores, and the
ALJ's credibility determination of the Plaintiff's mother's third-party function reports was
reasonable given the inconsistencies in the reports.  The Plaintiff has objected to the
Recommendation.  (Doc. 20).  Specifically, the Plaintiff objects to the Magistrate
Judge's findings that the ALJ committed harmless error in evaluating the Plaintiff's GAF
Scores because the ALJ relied on out of date evidence from 2007 and 2008 to
determine the Plaintiff's level of impairment following the May 2012 hearing.  The
Plaintiff also objects to the Magistrate Judge's finding that the ALJ appropriately

assessed the credibility of the Plaintiff's mother's reports because they are outdated when compared to her testimony given at the administrative hearing, and there are not actual inconsistencies in those reports.

The Court cannot find that the ALJ inappropriately considered evidence from 2007 and 2008 in making her determination.  The Plaintiff's date of onset for her alleged period of disability was November 1, 2006, and the ALJ appropriately considered the evidence in the record from that date until the date of the hearing, including the testimony given at the hearing.  (Doc. 12-2 at 38-46).  Further, as discussed in the Recommendation, GAF scores do not have a direct correlation to the mental disorder listings, and substantial evidence supports the ALJ's determination that a GAF score of 60-65 was more representative of the Plaintiff's actual level of mental functioning.  The ALJ also appropriately considered third-party function reports from the Plaintiff's mother, which were made after the date of onset.  As noted in the Recommendation, credibility determinations are the province of the ALJ, and substantial evidence supports the ALJ's determination that the Plaintiff's mother's testimony was inconsistent.

The Court has thoroughly considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is adopted and made the order of this Court.  The decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this 29th day of August, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-2-